UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DESTINEE PROUT**                                              **CIVIL ACTION**

**VERSUS**                                                            **NO: 20-968**

**KEY INSURANCE COMPANY, ET AL**                    **SECTION: T(1)**

## ORDER

Before the Court is a Motion to Remand[1] filed by Destinee Prout ("Plaintiff"). James River Insurance Company ("James River") has filed an opposition.[2] For the following reasons, the Motion to Remand[3] is **GRANTED.**

## BACKGROUND

This incident arises out of a motor vehicle accident that occurred on September 16, 2018. Dorma Rochelle Crawford ("Crawford") operated a vehicle insured by Key Insurance Company ("Key Insurance") that crashed into a vehicle driven by Plaintiff in Orleans Parish, Louisiana.[4] At the time of the accident, Crawford was driving a rental vehicle owned by EAN Holdings, LLC ("EAN").[5] On September 4, 2019, Plaintiff filed a civil action in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] On March 20, 2020, James River removed this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1332 based on diversity of citizenship.[7] In its removal petition, James River claimed that it was not facially apparent that the amount in controversy exceeded $75,000 in the initial pleading.[8] James

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 6.
[4] R. Doc. 6-1, p. 1.
[5] *See* R. Doc. 6-1, p. 1. *See also* R. Doc. 8, p. 3.
[6] *Id.*
[7] *Id* at 2.
[8] *See* R. Doc. 1, p. 7, ¶ 20.

River contends that it realized the amount in controversy exceeded $75,000 once it received Plaintiff's discovery responses on February 19, 2020.[9] Plaintiff claims remand is appropriate because James River has failed to show that the amount in controversy exceeded $75,000 at the time of removal.[10]

## LAW AND ANALYSIS

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[11] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[12] A defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset.[13] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[14] 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." Remand is proper if at any time the Court lacks subject-matter jurisdiction.[15]

In this case, the parties dispute whether the amount in controversy exceeds $75,000. If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[16] If, however, state practice "does not permit

---

[9] *See* R. Doc. 1, p. 7, ¶ 20.
[10] *Id* at 3.
[11] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[12] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[13] See 28 U.S.C. § 1441(a).
[14] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[15] 28 U.S.C. § 1447(c).
[16] 28 U.S.C. § 1446(c)(2).

demand for a specific sum," removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.[17] Because plaintiffs in Louisiana state courts may not specify the numerical value of claimed damages, James River must prove by a preponderance of the evidence that the amount in controversy is met.[18] This can be done by (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount.[19] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[20]

Here, the amount in controversy is not facially apparent. The Petition does not detail the extent or nature of Plaintiff's alleged injuries or medical expenses. James River contends that Plaintiff has accrued $13,435.30 in medical bills and $3,000 in property damage of her vehicle's front bumper.[21] James River further claims that the injuries which Plaintiff has suffered, such as lumbar spine strain/sprain, lumbalgia, radiculopathy, bulging posterior disc, and bicipital tendonitis and bursitis in her right shoulder, support the amount in controversy requirement.[22] However, assuming Plaintiff has accrued $13,435.30 in medical bills and $3,000 in property damage, this amount is still far below the jurisdiction threshold. Therefore, the Court finds that it is not facially apparent that the amount of Plaintiff's damages were in excess of $75,000 at the time of removal. Furthermore, James River has submitted no summary judgment type evidence to indicate that the amount in controversy was met at the time of removal. Considering the Petition

---

[17] 28 U.S.C. § 1446 (c)(2)(A)(ii)-(B).
[18] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008).
[19] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[20] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[21] R. Doc. 6-1, at 4-6.
[22] *Id.*

and the lack of summary judgment type evidence supporting a finding that the amount in controversy is satisfied, the Court concludes that James River has not met its burden of establishing that the amount in controversy exceeds $75,000.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Remand[23] is **GRANTED**. This case is hereby remanded to the Civil District Court for Orleans Parish.

**New Orleans, Louisiana**, on this 19th day of August, 2020.

                                              **GREG GERARD GUIDRY**
                                              **UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 6.